## STOKES v. COMMERCE REALTY CO. OF SAN ANTONIO.

### No. 8300.

Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1930.

Rehearing Denied Feb. 26, 1930.

Gaines, Gaines & Roberts and Quinn & Harley, all of San Antonio, for appellant.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellee.

SMITH, J.

Mrs. Mollie E. Stokes, hereinafter referred to as appellant, joined by her husband, brought this action for personal injuries against the Commerce Realty Company as operators of the Aztec Theater in San Antonio, alleging that as a theater patron, and while descending the stairway leading from the mezzanine to the street floor of the theater, she stepped upon a "round hard substance" on the stairs and fell, breaking her leg and receiving other injuries. A jury trial resulted in a judgment in favor of the realty company, and Mrs. Stokes has appealed.

In her brief appellant summarizes her pleadings as follows: "That the cause of the fall was the insufficient lighting of the stairway provided by the theatre company as a means of reaching the mezzanine floor and the upper floors of the theatre building; that in descending the stairs she stepped on a hard, round substance which rolled under foot and caused or contributed to the fall; that if the lighting facilities had been sufficient she could have seen and avoided stepping on this substance, and charging negligence on the part of the theatre company in insufficiently lighting the stairway and in not properly providing attendants to see that substances of the kind and character contributing to her fall were not left on the stairways and floors and in not generally and properly supervising the theatre and seeing that the lights provided for the purpose were not at all times kept burning and the stairways made safe for patrons who were invited to attend such theatres and to purchase tickets of admission thereto."

The jury found, in response to special issues submitted to them: (1) That at the time of the accident there was no "round hard substance lying on the stairway" of the theater, and appellant did not slip or fall on such substance; (2) that appellee was not "negligent in respect to the sufficiency of the lighting" of the stairs; (3) that in descending the stairway appellant failed to "use ordinary care in watching where she

was going and keeping a proper lookout ahead of her," and that this failure directly contributed to the accident; (4) that the accident was unavoidable. A number of secondary issues were submitted to the jury to be answered by them in the alternative and only in the event their answers to the main issues were contrary to those returned; but the jury nevertheless answered them, unnecessarily, it is true, but consistently with their answers to the material issues. We conclude that· the jury findings were supported by. the evidence, and are therefore binding upon this Court.

■ It was alleged by appellant in her petition that appellee negligently failed to perform its "specific and express duty to provide ample and sufficient lighting" upon its stairway, and "to provide adequate lighting facilities in connection with the use of said service so that its invitees could at all times with safety use such facilities," and that appellee was "grossly negligent in not at all times seeing that its lighting facilities were in a perfect condition." In line with these allegations, appellant offered to prove by witnesses that the lighting was poor on the stairway in question at various times other than the date of the accident to appellant. Appellee objected to this testimony as being irrelevant and immaterial, but the court overruled the objections and let the testimony in. Afterwards, in its turn, appellee offered the testimony of three different witnesses to the effect that at various times prior to the accident the lighting was good. Appellant in turn objected to this testimony upon the same grounds urged by appellee to similar testimony previously offered by appellant, and admitted over those objections. The court overruled these objections from appellant, and admitted the testimony. Appellant assigns error against this ruling. We overrule the assignment. It may be that the testimony introduced by appellant upon this subject was admissible under her pleadings. But whether it was or not, appellant by both pleadings and evidence had introduced the issue into the case, over the objections of appellee, and was thereby estopped from cutting appellee ·off from meeting that issue with appropriate evidence. Accordingly, appellant's propositions 1, 2, 3, 4, 5, 6, and 7 are overruled.

■ With reference to the question of whether or not the stairway in question was properly lighted, the trial court submitted to the jury this question: "Were the defendants negligent in respect to the sufficiency of the lighting?" Appellant objected to this form of submission, and requested and the court refused to submit that issue in this form, "At the time of the accident, was the stairway dark?" Appellant now complains because the issue was not submitted in the form requested. We are of the opinion that under the pleadings and evidence the issue was properly submitted by the court, and overrule appellant's propositions 8, 9, 10, 12, and 13.

■ The trial court properly charged the jury, as applied to the pleadings and evidence, that "you are instructed that negligence is the failure to exercise ordinary care, and ordinary. care is that degree of care which a person of ordinary prudence would use under the same or similar circumstances," and appellant's proposition No. 11, complaining of that charge and of the refusal of the court to give appellant's requested instruction in lieu thereof, is overruled. We also overrule appellant's proposition 14, on the ground that the evidence was sufficient to support the jury finding therein complained of.

■ As stated at the outset, the jury answered every question submitted to them, although some of those questions were submitted in the alternative, and required no answers for the reason that the alternatives calling for answers thereto did not arise. Appellant complains of this action of the jury, as showing prejudice, and for other reasons not deemed necessary to set out here. We conclude that the conduct of the jury in this matter was not material, did not indicate the presence of prejudice in the minds of the jury, did not injure appellant. ·Certainly it did not amount to such misconduct as to require reversal of the judgment based upon their material findings. The jury found, primarily, .that appellee was not guilty of negligence in the matter of lighting the stairway, that there was no "round, hard substance" on the stairway upon or by reason of which appellant could have slipped or fallen, and that appellant was guilty of negligence "directly contributing" to the accident. All the other findings, of which appellant now complains, although unnecessary to support the judgment, were merely corroborative of the jury's findings upon the material and controlling issues, and should be regarded as only the most harmless surplusage.

The judgment is affirmed.